# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES KRUEGER,
    Petitioner,

vs.

TIM BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-535

Dlott, J.
Black, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's

return of writ and exhibits thereto (Doc. 8), and petitioner's traverse to the return of writ (Doc. 11).

## I.    PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of

Appeals:[1]

> Krueger and Karen Ramsey cohabitated sporadically for a number of years, and Ramsey
> was aware that Krueger had a serious drug problem. One morning, Krueger awakened
> Ramsey and told her that there were two men outside who would kill her if she did not
> give him $300.
>
> Ramsey attempted to call the police, but Krueger would not permit her to do so. Ramsey
> did not have $300 at her house, so Krueger ordered her to go to an automatic teller
> machine (ATM) to get the cash. Krueger would not allow Ramsey to get dressed before
> leaving, and he made her drive to the ATM wearing only a night shirt. Ramsey got the
> money from the ATM and gave it to Krueger, who then left in another car.

(Doc. 8, Exh. 8 at 1-2).

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence
of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94
(6th Cir. 2004).

Petitioner was indicted by the Hamilton County, Ohio Grand Jury on one count of robbery as defined in Ohio Revised Code § 2911.02(A)(2), and one count of kidnapping as defined in Ohio Revised Code § 2905.01(B)(1). (Doc. 8, Exh. 1). Petitioner pled not guilty. (Doc. 8, Exh. 2).

Petitioner was found guilty as charged by a jury and sentenced to a term of five years imprisonment on each conviction, with the sentences to run concurrently. (Doc. 8, Exhs. 3, 4).

On March 2, 2005, petitioner through new counsel, filed a notice of appeal to the First District Court of Appeals, Hamilton County, Ohio. (Doc. 8, Exh. 5). Petitioner raised the following assignments of error:

1. The trial court erred to the substantial prejudice of defendant-appellant when it entered a conviction based upon insufficient evidence.

2. The trial court erred to the substantial prejudice of defendant-appellant when it instructed the jury on the definition of the crimes involved.

3. The trial court erred to the substantial prejudice of defendant-appellant in entering a judgment of conviction where the accused was rendered ineffective assistance of counsel.

4. The trial court erred to the substantial prejudice of defendant-appellant by convicting him of allied offenses of similar import with the same animus, thereby twice placing him in jeopardy in violation of his constitutional rights.

(Doc. 8, Exh. 6). The State filed a response (Doc. 8, Exh. 7) and on September 27, 2006, the Ohio Court of Appeals overruled all of the assignments of error and affirmed the trial court's judgment. (Doc. 8, Exh. 8).

Petitioner, through counsel, appealed to the Supreme Court of Ohio. (Doc. 8, Exh. 9). Petitioner raised the following propositions of law:

1. There is insufficient evidence of a robbery and a denial of due process, when the accused did not inflict, attempt to inflict, or threaten to inflict physical harm on the victim herself.

2

2. A jury instruction defining robbery denies due process when it fails to define the element of theft.

3. A jury instruction defining kidnapping denies due process when it misstates the element of harm.

4. There is a denial of the constitutional right to effective assistance of counsel when trial counsel fails to object to the court's jury instruction on the elements of robbery.

5. There is a denial of the constitutional right to effective assistance of counsel when trial counsel fails to object to the court's jury instruction on the elements of kidnapping.

6. Kidnapping and robbery, where they occur as part of the same course of the conduct with the same animus, are allied offenses of similar import, and convictions of both amount to double jeopardy in violation of the constitutional rights of the accused.

(Doc. 8, Exh. 10).

The State filed a response. (Doc. 8, Exh. 11). On February 28, 2007, the Supreme Court of

Ohio denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial

constitutional question." (Doc. 8, Exh. 12).

Meanwhile, on August 17, 2005, petitioner filed a *pro se* petition to vacate or set aside

judgment of conviction or sentence in the Hamilton County Common Pleas Court and raised the

following claims:

1. Compulsory witness. The petitioner claims his first error under the 6th and 14th Amendments of the U.S. Constitution and under Article I, Section 10 of the Ohio Constitution, when officer Hopewell did not appear at the petitioner's trial to testify, even after receiving a subpoena and signing the same, on 12-13-06.

2. Allied offenses of similar import. The petitioner claims his second error under the 5th, 6th and 14th Amendments of the U.S. Constitution and under Article I, Section 10 of the Ohio Constitution, when the court failed to recognize that both charges, robbery and kidnapping are allied offenses of similar import, thereby the court did not protect petitioner's right to "due process of the law," whereby placing the petitioner in "double jeopardy" by finding him guilty of both charges.

3

3. Lesser included offense. The petitioner claims his third error under the 6th and 14th Amendments of the U.S. Constitution and under Article I, Section 10 of the Ohio Constitution, when petitioner's attorney failed to instruct the jury of a lesser included offense; thereby causing the jury to loose their way by finding the petitioner guilty of robbery, when theft is the lesser included offense, as well as, guilty of kidnapping, when unlawful restraint is the lesser included offense.

4. Discovery evidence. The petitioner claims his fourth error under the 6th and 14th Amendments of the U.S. Constitution and under Article I, Section 10 of the Ohio Constitution, when the prosecutor entered "surprise evidence," to wit a knife, at the petitioner's trial, and in front of a jury, after the jury was selected for the trial.

(Doc. 8, Exh. 13). The trial court overruled the petition finding the claims barred by res judicata

since the claims could have been raised on direct appeal. (Doc. 8, Exh. 16).

Petitioner appealed to the Ohio Court of Appeals and raised the following assignments of

error:

1. Appellant was denied effective assistance of counsel. Counsel would not compel officer Hopewell to trial for questioning. Appellant suffered due process of the compulsory process and confrontation clause. Defendant could not question witness Hopewell.

2. The trial court erroneously convicted and sentenced the defendant on multiple counts of robbery and kidnapping when the counts were based on a single purpose or animus in violation of R.C. 2941.25 the multiple counts statute.

3. Defendant suffered violation of ineffective counsel and due process of the United States Constitution 14the and 16th Amendments. Attorney failed to motion Judge Cooper to instruct the jury on lesser included offenses, thereby causing jury to loose their way by finding appellant guilty of robbery when theft is a lesser included offense, as well as kidnapping when unlawful restraint is a lesser included offense.

4. Trial court erred to prejudice denying appellant an evidentiary hearing when prosecution and police hid; tampered with evidence and changed evidence outside of the original complaint against defendant. Appellant argues ineffective counsel when counsel failed to object or suppress knife.

(Doc. 8, Exhs. 17-20). On September 6, 2006, the First District Court of Appeals overruled the

assignments of error and affirmed to judgment of the trial court. (Doc. 8, Exh. 22). Petitioner did

not appeal to the Supreme Court of Ohio.

4

On July 11, 2007, petitioner commenced the instant federal habeas corpus action. (Doc. 1).

Petitioner asserts four grounds for relief:

> **GROUND ONE:** Due process rights denied during jury instructions.
>
> <u>Supporting Facts</u>: Trial court failed to define theft, an element of robbery during jury instructions, thereby denying plaintiff the possibility of being convicted of a lesser included offense.
>
> **GROUND TWO:** Insufficient evidence of robbery.
>
> <u>Supporting Facts</u>: State failed to prove crime of robbery as defined by Ohio Revised Code.
>
> **GROUND THREE:** Kidnapping and Robbery, where they occur as part of same action are allied offenses of similar import.
>
> <u>Supporting Facts</u>: State failed to prove kidnapping and Plaintiff was [given] separate sentences for each conviction even though state alleged that kidnapping occurred separate from alleged robbery.
>
> **GROUND FOUR:** Ineffective assistance of counsel.
>
> <u>Supporting Facts</u>: Counsel failed to object to jury instructions that did not include definition of theft, an element of robbery.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

5

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110

Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated

on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to

address the constitutional issues, the federal court must look at the state court's decision and

conduct an independent inquiry into whether the state court reached a decision contrary to clearly

established federal law or based its decision on an unreasonable determination of the facts in light

of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir. 2002); *Harris v.*

*Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is

not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

## III.  GROUND ONE OF THE PETITION IS PROCEDURALLY DEFAULTED AND WAIVED, AND GROUND FOUR OF THE PETITION IS WITHOUT MERIT.

Ground One of the petition asserts that petitioner was denied due process when the trial judge failed to define theft as an element of robbery in the jury instructions.  Petitioner also asserts that this omission deprived him of the possibility of a conviction on a theft offense, as a lesser included offense of robbery.  Respondent contends that Ground One of the petition is procedurally defaulted and waived for purposes of habeas corpus review.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).  If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review.  *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Such a default may occur if the state prisoner

7

files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate

court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to

comply with a state procedural rule that required him to have done something at trial to preserve his

claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a

directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94

F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the

merits in the state proceeding due to petitioner's failure to raise them as required by state

procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his

claims through the requisite levels of state appellate review to the state's highest court, or commits

some other procedural default to preclude review of the merits of petitioner's claims by the state's

highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner

to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice

as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989);

*McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099

(6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally

defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to
> the petitioner's claim and that the petitioner failed to comply with the rule; (2) the
> court must determine whether the state courts actually enforced the state procedural
> sanction; (3) it must be decided whether the state procedural forfeiture is an adequate
> and independent state ground upon which the state can rely to foreclose review of a
> federal constitutional claim; and (4) if the court has determined that a state
> procedural rule was not complied with and that the rule was an adequate and
> independent state ground, then the petitioner is required to demonstrate that there
> was cause for him not to follow the procedural rule and that he was actually
> prejudiced by the alleged constitutional error.

8

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; *see also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the instant case, the Court finds that Ground One of the petition is procedurally defaulted and waived. The Ohio Court of Appeals rendered the last reasoned state court judgment on

9

petitioner's claim that the trial judge erred by failing to define "theft" in the robbery instructions to the jury. (Doc. 8, Exh. 8). The Court of Appeals determined that petitioner failed to object to the instructions at trial. Under Ohio law, the failure to raise a contemporaneous objection to a perceived error in the trial court constitutes a procedural bar to review of the error on direct appeal. *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000) (citing Ohio R. Crim. P. 52; *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977) (citations omitted)), *cert denied*, 531 U.S. 1021 (2000). Ohio courts, however, may perform a limited review of the record to ensure that the alleged error does not amount to a plain error affecting a substantial right. Crim. R. 52.(B); *State v. Ballew*, 76 Ohio St.3d 244, 254, 667 N.E.2d 369 (1996). Therefore, the appeals court reviewed the claim under the plain-error standard. (Doc. 8, Exh. 8 at 3). The primary issue in the plain-error review is whether the outcome of the trial clearly would have been different without the error. *State v. Braden*, 98 Ohio St.3d 354, 362, 785 N.E.2d 439, 452 (2003) (citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus). The state appeals court found there was no plain error because "[t]he evidence was uncontroverted that Krueger had taken money from Ramsey without her consent and that a theft offense had therefore occurred." (Doc. 8, Exh. 8 at 3).

Although the Ohio Court of Appeals reviewed petitioner's claim under the plain error rule, such review did not constitute a waiver of the procedural default by petitioner. The Sixth Circuit has long held that plain-error review by the state courts does not constitute a waiver of state procedural default rules. *Seymour v. Weaver*, 224 F.3d 542, 557 (6th Cir. 2000) (citing *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989)), *cert. denied*, 532 U.S. 989 (2001); *see also White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003); *Hinkle v. Randle*, 271 F. 3rd 239 (6th Cir. 2001). More importantly for this case, the Sixth Circuit

10

has consistently held that "'Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice.'" *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003) (quoting *Hinkle*, 271 F.3d at 244). *Accord Seymour*, 224 F.3d at 557; *Scott*, 209 F.3d at 866-71. The Sixth Circuit views "'a state appellate court's review for plain error as the enforcement of a procedural default.'" *Mason*, 320 F.3d at 635 (quoting *Hinkle*, 271 F.3d at 244). Therefore, petitioner has procedurally defaulted this claim. *Mason*, 320 F.3d at 635.

The Ohio Supreme Court's subsequent unexplained decision denying petitioner leave to appeal and dismissing the appeal for lack of a substantial constitutional question must be presumed to rely on the same procedural default. *See Ylst*, 501 U.S. at 803-04; *cf. Taqwiim v. Johnson*, 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at * *3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Ylst* and *Levine v. Torvik*, 986 F.2d 1506, 1517 n. 8 (6th Cir .), *cert. denied*, 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995)), *cert. denied*, 531 U.S. 1089 (2001).

Accordingly, procedural default bars consideration of Ground One of the petition absent a showing of cause and prejudice or that a "fundamental miscarriage of justice" will result if the claim is not considered.

To the extent petitioner asserts trial counsel's ineffectiveness as "cause" for the procedural default, which petitioner also raises as an independent claim in Ground Four of the petition, the Court finds that claim is without merit.

Petitioner asserts he was denied the effective assistance of trial counsel when his attorney failed to object to the jury instructions. To demonstrate that counsel's performance was

constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *Id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Under the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id.* at 694.

The Ohio Court of Appeals addressed petitioner's ineffective assistance of trial counsel claim on the merits and determined that petitioner failed to establish the "prejudice" prong of the *Strickland* test. The Court of Appeals found petitioner was not prejudiced by the jury instructions because "[t]he evidence was uncontroverted that [petitioner] had taken money from Ramsey without her consent and that a theft offense had therefore occurred." (Doc. 8, Exh. 8 at 3; *see also* Tr. 106-107, 110-113). Since there was no "reasonable probability" that the result of the trial would have been different had counsel objected to the jury instructions and theft been defined by the trial court, petitioner was not prejudiced by counsel's alleged error. Accordingly, the Ohio Court of Appeals decision on petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of *Strickland.*

Therefore, Ground Four of the petition is without merit and petitioner's ineffective assistance of counsel claim may not serve as cause for the procedural default of Ground One of the

12

petition. Petitioner has asserted no other basis for cause nor established a fundamental miscarriage of justice will occur in the absence of consideration of the constitutional claim raised in Ground One of the petition. Accordingly, his first ground for relief is procedurally defaulted and waived for purposes of federal habeas corpus review, and his fourth ground for relief should be denied as without merit.[2]

## IV. GROUND TWO OF THE PETITION IS WITHOUT MERIT.

Ground Two of the petition asserts that petitioner's conviction for robbery is not supported by sufficient evidence.

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship,* 397 U.S. 358, 364 (1970). In analyzing claims of insufficient evidence, the Court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). This standard reserves to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *Id.* at 318-319.

---

[2] To the extent petitioner's first ground for relief may be construed as asserting a claim that the trial court erred by not instructing the jury on the lesser included offense of theft (Doc. 1 at 6 and memorandum at 3), petitioner has procedurally defaulted this claim as well. This claim was not raised on direct appeal (*see* Doc. 8, Exh. 6) and therefore was barred by *res judicata* when raised in petitioner's post-conviction petition. (Doc. 8, Exh. 16). The Sixth Circuit Court of Appeals has consistently recognized that under Ohio law an issue that is not raised by a petitioner on direct appeal is subsequently barred from subsequent review based on the doctrine of *res judicata. See Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Leroy v. Marshall,* 757 F.2d 94, 100 (6th Cir. 1985). Petitioner has not provided any justification as "cause" for his procedural default, nor has he shown that failure to consider this claim will result in a "fundamental miscarriage of justice." Thus, he has waived this claim for purposes of federal habeas corpus review.

On habeas corpus review, the federal court conducts an independent review of the state court record in analyzing petitioner's sufficiency of the evidence claim. *Nash v. Eberlin*, 437 F.3d 519, 525 (6th Cir. 2006). However, the Court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id*. In addition, circumstantial evidence may be sufficient to support a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. *See Jackson,* 443 U.S. at 326; *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995); *Jamison v. Collins,* 100 F. Supp.2d 647, 705 (S.D. Ohio 2000), *aff'd*, 291 F.3d 380 (6th Cir. 2002).

In the instant case, petitioner contends that the State failed to present sufficient evidence to support the robbery conviction because the victim, Ms. Ramsey, denied that she ever felt threatened by petitioner. (Doc. 11 at 3-4). In other words, petitioner contends that there is no evidence he personally threatened to harm Ms. Ramsey and therefore his robbery conviction cannot stand.

The First District Court of Appeals overruled petitioner's insufficiency of evidence claim as follows:

> In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
>
> The robbery statute, R.C. 2911.01(A)(2), provides that "[n]o person, in attempting or committing a theft offense * * * shall * ** [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."
>
> * * *
>
> In this case, the convictions were in accordance with the evidence. Krueger

indicated that Ramsey would be killed if she did not give him money, and he would
not allow her to call the police. He then ordered her to take him to an ATM to get the
money, with the same threat that she would be killed if she did not comply. We
overrule the first assignment of error.

(Doc. 8, Exh. 8 at 2) (internal footnotes omitted).

Upon review of the entire record, this Court agrees with the finding of the state court of

appeals that the evidence supports a finding of guilt beyond a reasonable doubt. Contrary to

petitioner's argument, the evidence shows that petitioner threatened Ramsey with physical harm by

telling her there were two individuals outside with guns who were going to kill them if she did not

give them money:

A. He woke me up and he said–I'm quoting him–there are two black men out there
with guns. I said, how could you go out? I didn't hear the door. He said they're
going to kill us. You have to give them money. I said, give me the money. I
reached for my money and grabbed the phone.

Q. When you say they'll kill us?

A. Us. Me and him.

Q. The people were going to kill you?

A. Going to kill us.

Q. Did he say why?

A. Because he used drugs and he still owes them money. He said, you have to give
them $300. I said, Jim, I can't do that. I'm calling the police. He grabbed the
phone. . . .

Out of nowhere he pulls a knife out and he said, I'm sorry, this dog is going to die if
you don't go get the money. And he held the knife over her head. . . .

(Tr. 106-107). At the time, Ms. Ramsey was dressed in only a nightshirt. (Tr. 106). Ms. Ramsey

testified that petitioner would not let her get dressed and blocked her access to the room containing

another phone. (Tr. 108). She testified that petitioner told her "not to look at these people, to get in

15

the car, do not call the police. They're dangerous. Don't look at their license plate. Just go." (Tr. 108). Although Ms. Ramsey testified that petitioner did not threaten to kill her, he did say the people outside would "kill both of us if I didn't give him the money." (Tr. 110). Ramsey testified she believed petitioner when he told her that the men would kill them both if she did not give them money. (Tr. 114, 115).

Petitioner consciously used the threat of death by third parties he brought to Ramsey's home to induce her to take him to the ATM for money. Ramsey objectively perceived a threat to her life and there was sufficient evidence from which the jury could conclude that petitioner "threaten[ed] to inflict physical harm" on Ramsey. In addition, as the Ohio Court of Appeals found, "[t]he evidence was uncontroverted that Krueger had taken the money from Ramsey without her consent and that a theft offense had therefore occurred." (Doc. 8, Exh. 8 at 3). These findings of fact are entitled to a presumption of correctness, 28 U.S.C. § 2254(e)(1), and petitioner has failed to present clear and convincing evidence to rebut such findings.

There was sufficient evidence from which any rational trier of fact could find petitioner guilty of robbery beyond a reasonable doubt. When viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia, supra*, and for the reasons discussed by the state appellate court, this Court concludes that the evidence was constitutionally sufficient to sustain petitioner's conviction for robbery.

Therefore, Ground Two of the petition is without merit and should be denied.

16

## V. GROUND THREE OF THE PETITION IS WITHOUT MERIT

Ground Three of the petition asserts that kidnapping and robbery are allied offenses of similar import and the trial court violated petitioner's Fifth Amendment right to be free from double jeopardy by imposing multiple punishments for the same offense.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Constit. amend. V. This guarantee against double jeopardy, made applicable to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 794 (1969), among other things, protects against "multiple punishments for the same offense" imposed in a single proceeding. *Missouri v. Hunter,* 459 U.S. 359, 366 (1983) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)). In the "multiple punishment" context, the Double Jeopardy Clause's protection is "limited" to ensuring that "sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones v. Thomas,* 491 U.S. 376, 381 (1989); *see also Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Brown v. Ohio,* 432 U.S. 161, 165 (1977). The Double Jeopardy Clause does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses. "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. at 499 (citations omitted).

The "same elements" test established in *Blockburger v. United States,* 284 U.S. 299, 304 (1932), *i.e.*, "whether each [statutory] provision requires proof of a fact which the other does not," is normally used in federal criminal cases to determine whether two offenses are sufficiently different

17

to allow the imposition of cumulative punishment. *Johnson,* 467 U.S. at 499 n.8; *see also Brown,* 432 U.S. at 166. The *Blockburger* test, a rule of statutory construction for federal statutes, does not necessarily control the inquiry into the intent of a state legislature. *Johnson,* 467 U.S. at 499 n.8; *Banner v. Davis,* 886 F.2d 777, 780-82 (6th Cir. 1989). Instead, when assessing the intent of a state legislature, the federal courts must defer to and are bound by the state courts' construction of their own statutes. *Hunter,* 459 U.S. at 368 (citing *O'Brien v. Skinner,* 414 U.S. 524, 531 (1974)); *see also Johnson,* 467 U.S. at 499; *Brown,* 432 U.S. at 167; *Banner,* 886 F.2d at 780. A state legislature may create substantive crimes and punishments that overlap to some degree without violating the Double Jeopardy Clause. *Missouri v. Hunter*, 459 U.S. 359 (1983). "Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments [for them, the federal] court's inquiry is at an end." *Johnson,* 467 U.S. at 499 n.8; *see also Hunter,* 459 U.S. at 368-69 ("Where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial" without violating the Double Jeopardy Clause.); *Banner,* 886 F.2d at 780-82.

The Ohio legislature's intent in the multiple punishment area may be discerned from the state multiple-count statute, Ohio Rev. Code § 2941.25. *See State v. Rance,* 85 Ohio St.3d 632, 635, 710 N.E.2d 699, 703 (1999); *see also Jones v. Baker,* 35 F.3d 566 (6th Cir. 1994) (unpublished), 1994 WL 464191, at **3, *cert. denied,* 513 U.S. 1164 (1995); *Woodfork v. Russell,* 19 F.3d 20 (6th Cir. 1994)(unpublished), 1994 WL 56933, at **2. The statute provides:

18

(A) Where the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

The Ohio Supreme Court has held that this provision permits the trial court to convict and impose cumulative sentences for two or more offenses arising from the same incident if the offenses (1) are of dissimilar import; or (2) are of similar import, but were committed separately or with separate animus. *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d at 703. The applicable test for deciding the issue potentially involves a two-step analysis under the state statute. First, if the statutory elements of the various crimes, considered "in the abstract" without regard to the particular facts of the case, are found to be of dissimilar import because they do not "correspond to such a degree that the commission of one crime will result in the commission of the other," the multiple convictions and punishments are permitted and the court's inquiry ends. 85 Ohio St.3d at 638, 710 N.E.2d at 704. On the other hand, if the offenses are found to be of similar import, the second level of inquiry is triggered requiring the court to determine whether or not the defendant may be cumulatively punished for them because, as a factual matter, they were committed separately or with a separate animus. *See id.;see also State v. Jones,* 78 Ohio St.3d 12, 13-14, 676 N.E.2d 80, 81-82 (1997). This determination does not turn on "the presence or absence of any specific factors," but rather is based on the particular facts of each case as gleaned from the record. *Jones,* 78 Ohio St.3d at 13-14, 676 N.E.2d at 81-82.

19

In addressing the merits of petitioner's double jeopardy claim, the First District Court of Appeals, the last state court to issue a reasoned opinion on the claim, determined that "[u]nder *State v. Rance*, [85 Ohio St.3d 632, 710 N.E.2d 699 (1999),] the offenses were not allied because each required proof of an element the other did not." (Doc. 8, Exh. 8 at 4). The Ohio Court of Appeals addressed the first step of the *Rance* analysis and viewed the offenses "in the abstract." Under Ohio Rev. Code § 2911.02(A)(2), "robbery" requires proof that while committing a theft offense, the offender threatened or attempted to inflict physical harm on another. Under Ohio Rev. Code § 2905.01(B)(1), the kidnapping statute, "[n]o person, by force, threat, or deception, . . . shall knowingly . . . under circumstances that create a substantial risk of serious physical harm to the victim . . . [r]emove another from the place where the other person is found." Robbery requires proof of theft, while kidnapping does not. In addition, the crime of kidnapping requires the removal of another from the place where such person is found while robbery does not. Alignment of the statutory elements "in the abstract" shows each crime requires proof of an element the other does not. Each offense is distinct, with its own elements, and charging each separately is not foreclosed on the basis that robbery and kidnapping are allied offenses of similar import. The record thus reflects that petitioner was properly convicted and sentenced on the robbery and kidnapping charges as a matter of Ohio law such that no double jeopardy violation has occurred.

Accordingly, this Court concludes that under the applicable standard of review set forth in 28 U.S.C. § 2254(d), the Ohio Court of Appeals' challenged adjudication of petitioner's double jeopardy claim was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court in addressing double jeopardy "multiple punishment" violations and was reasonable in light of the evidence presented at

20

petitioner's state criminal trial. Therefore, petitioner is not entitled to federal habeas relief based on the double jeopardy claim alleged in Ground Three.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to Ground One of the petition which this Court has concluded is waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[3] A certificate of appealability should not issue with respect to Grounds Two, Three and Four of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financialnecessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: ___8/29/08___
      KI

Timothy S. Black
United States Magistrate Judge

---

[3] Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack,* 529 U.S. at 484.

21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMES KRUEGER,                                          Civil Action No. 1:07-cv-535
    Petitioner,

                                          Dlott, J.
vs.                                                    Black, M.J.

TIM BRUNSMAN, WARDEN,
    Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

22